UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-cr-00029-RLY-CMM |
| | ) | |
| MICHAEL REDMOND, | ) -06 | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 8, 2026, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on February 09, 2026. (Docket. No. 841). Defendant MICHAEL REDMOND appeared in person with his appointed counsel Ron Freson. The government appeared by Jeremy Kemper, Assistant United States Attorney. U. S. Probation appeared by Officer Andrea Rushing.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 849). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant MICHAEL REDMOND of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant MICHAEL REDMOND admitted violation numbers 1 and 2. (Docket No. 841).

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any chance in residence or employment."**<br><br>On November 23, 2025, an attempt was made to see Mr. Redmond at his residence, the Motor 8 Inn. It was reported he had not resided there in weeks. On December 19, 2025, after speaking with Mr. Redmond over the phone, he declined to provide the probation officer with an updated address. Mr. Redmond's whereabouts are unknown. |
| 2 | **"You shall reside in a residential reentry center (RRC) for a term of 180 days. You shall abide by the rules and regulations of the facility."**<br><br>On January 28, 2026, the probation officer made contact with the last known address Mr. Redmond is associated with, his place of employment. A business card was left with instructions for Mr. Redmond to contact the probation officer by February 2, 2026. Mr. Redmond has failed to contact the probation officer as directed. |

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade **C** violation.

(b)    Defendant's criminal history category is **VI**.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is **8 to 14** months imprisonment.

5.    The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervision to follow.  Defendant requested placement that would preserve his employment with Indianapolis Department of Public Works.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervision to follow upon release from imprisonment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties elected to waive the fourteen-day period to object to the Report and Recommendation.

Date:  April 9, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.